IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO V. FRAZIER II, on behalf of minor son M.F., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF OMAHA, JOHN HENIGE, Omaha Police Officer # 1914; PAUL LAWSON, Omaha Police Officer #1536; and JERRY MARTINEZ, SGT - Omaha Police Officer #1239, <br><br> Defendants. | 8:21CV361 <br><br> **MEMORANDUM AND ORDER** |

    Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Amended Complaint (Filing 8), which was filed with leave of court prior to initial review of Plaintiff's original pro se Complaint (Filing 1).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

    The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff attempts to bring this action on behalf of his minor son, M.F., whose constitutional rights allegedly were violated by Defendants.

"Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020); see *Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."); see also *Udoh v. Minn. Dep't of Human Servs.*, 735 F. App'x. 906, 907 (8th Cir. 2018) (per curiam) (affirming dismissal without prejudice of constitutional claims plaintiffs "attempted to assert on behalf of their minor daughters."); *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (same for minor daughter); *Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542, 543 (8th Cir. 2008) (per curiam) (same for minor children).

Accordingly,

IT IS ORDERED that this action is dismissed without prejudice. Judgment shall be entered by separate document.

Dated this 24th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge